# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4149 | **DATE** | 1/30/2002 |
| **CASE TITLE** | | Rosa Rodriguez vs. Massanari | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Commissioner's Motion for Summary Judgment [#10] is denied. Plaintiff's Motion for Summary Judgment [#9] is granted in part. Cause is remanded to the Commissioner for further proceedings consistent with this Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 31 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | *12* |
| | Mail AO 450 form. | | 1/30/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | FT/secy courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 JAN 30 PM 2: 10 Date/time received in central Clerk's Office | FT secy mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSA RODRIGUEZ,                    )    Case No. 01 C 4149
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )    Magistrate Judge
                                   )    Arlander Keys
                                   )
LARRY G. MASSANARI, Acting         )    **DOCKETED**
Commissioner of Social             )
Security,                          )    JAN 3 1 2002
                                   )
                Defendant.         )

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Rosa Rodriguez, pursuant to 42 U.S.C.
§ 405(g)(West 2001), moves this Court for summary judgment pursuant
to Rule 56(a) of the Federal Rules of Civil Procedure reversing the
decision of the Commissioner of Social Security ("Commissioner"),
which denied her application for Social Security Disability
Insurance benefits under the Social Security Act.  The Commissioner
has filed a Cross-Motion for Summary Judgment in his favor.  For
the reasons set forth below, the Court grants the Plaintiff's
Motion, in part, and denies the Commissioner's Motion.  The Court
remands this cause to the Commissioner for further proceedings
consistent with this Opinion and Order.

### Procedural History

On October 25, 1999, Plaintiff applied for Disability

Insurance benefits, alleging that she had been disabled since April 6, 1999 due to injuries to her back and surgery on her heel. (R. at 70-72, 77-86.)   Plaintiff's application was denied on December 30, 1999.  (R. at 37-43.)  On January 5, 2000, Plaintiff filed a request for reconsideration.   (R. at 44.)   Upon reconsideration, the application was again denied on February 22, 2000. (R. at 45-49.)

On March 1, 2000, Plaintiff filed a Request for Hearing by an Administrative Law Judge ("ALJ") (R. at 50), and, on June 14, 2000, a hearing was held before ALJ Allyn Brooks, at which Plaintiff--who was represented by counsel--testified.   (R. at 20-34.)   On September 16, 2000, the ALJ issued his decision, finding that Plaintiff was not disabled.  (R. at 13-19.)  On October 6, 2000, Plaintiff filed a Request for Review of the ALJ's decision with the Commissioner's Appeals Council.  (R. at 8-9.)  On April 27, 2001, the Appeals Council denied Plaintiff's request, concluding that there was no basis for review.   This denial stands as the final decision of the Commissioner, and is the subject of the Motions now before the Court.  (R. at 5-6.)

## Factual Background

A.   Plaintiff's Testimony

At the June 14, 2000 hearing before the ALJ, Plaintiff testified that she does not speak any English at all and testified through a Spanish interpreter.  She testified that she was then 51

years of age, having been born in October, 1948. She was born in Mexico and completed four years of school in that country. She had been in the United States for 26 years and is now a United States citizen.

Plaintiff testified that, from 1987 or 1988 to April 1999, she worked on a line in a fish processing plant, where she weighed and packed pieces of fish in boxes for shipment to customers. (R. at 25, 79.) The job required that she be on her feet most of the day and that she sometimes lift more than 50 pounds. In 1996, Plaintiff suffered an on-the-job injury to her left shoulder and in 1999, she had surgery on her right heel, after which she was told that she could work only while sitting down. Because her job required that she be on her feet most of the day, she was told that she could return to work only when she could engage in prolonged standing. She had not worked since April, 1999.

Prior to the surgery on the right heel, Plaintiff had also injured her left leg. Because of the problems with the left leg and right heel, she is unable to stand comfortably for more than 20-30 minutes. She also has problems bending and lifting, which her doctors attribute to disk problems that are unrelated to her on-the-job injuries.

B. <u>Medical Evidence</u>

Plaintiff's medical records are sparse. Dr. Jeffrey J. Betman, a podiatric physician and surgeon, performed surgery for

removal of a spur on Plaintiff's right foot on April 6, 1999. In a report dated December 6, 1999, Dr. Betman stated that Plaintiff had returned to full weight-bearing, but that she was unable to stand or walk for prolonged periods of time and should perform work where she could sit, with limited standing or walking. (R. at 112.) He noted further that Plaintiff had degenerative joint disease, with radiculopathy in her back, for which he had referred her to Dr. Sirajullah. (R. at 111, 114.)

Dr. Sirajullah, an orthopedist, saw Plaintiff on three occasions: October 5 and 14, 1999 and November 4, 1999. He had her undergo an EMG and MRI because of her complaints of pain and numbness in her legs. The MRI was normal and the EMG showed only mild neuropathy in her legs. She was prescribed Vitamin B1 therapy and was told that she should seek a second opinion. At her last visit, on November 4, 1999, she complained that there was no improvement in her condition and that she could not return to work at her job and might have to look for a different job. (R. at 103-109.) Dr. Sirajullah opined that Plaintiff, "should be able to go back to work." (R. at 107.) In a note dated April 27, 2000, Dr. Betman opined that Plaintiff could return to work, but that her work should be limited to a sitting job which would not require her to stand or walk for extended periods of time. (R. at 129.)

C.   The ALJ's Decision

In his September 16, 2000 decision, the ALJ cited Plaintiff's

testimony and the scant medical evidence set forth above and concluded that Plaintiff had the residual functional capacity to lift up to ten pounds frequently and twenty pounds occasionally, and stand and/or walk up to six hours in an eight-hour work day. The ALJ discredited Plaintiff's testimony and other statements in the record regarding the extent and duration of her pain and the limitations caused thereby because of the lack of objective medical findings to support her testimony. The ALJ noted, in particular, the routine nature of Plaintiff's visits to her treating physicians, the lack of significant objective medical findings and her use of mild pain medications rather than narcotics.

The ALJ concluded that Plaintiff has the residual functional capacity to perform the full range of light work, as that term is defined in the regulations. Finding that Plaintiff's past work as a line worker/packer in the fish factory did not involve more than light work, the ALJ found that Plaintiff could return to that work as she performed it. While Plaintiff testified that her job required her to lift up to 50 pounds or more, (R. at 28, 79), which is considered greater than light work, the ALJ cited to documentation in the record indicating that her description of her work corresponded with the job of "Fish Grader" listed in the Dictionary of Occupational Titles ("DOT"), which is classified as light work. According to the ALJ, the DOT describes this job as light work and states that performance of the job requires literacy

-5-

(i.e., the ability to recognize and understand a passive vocabulary of up to 6,000 words), as well as the ability to do weights and measures. The ALJ noted Plaintiff's testimony that she completed the fourth grade in Mexico, and that she had been in the United States for 26 years. He noted further that, notwithstanding her testimony that she could not speak and understand English, she did sometimes indicate, at the hearing, by nodding or shaking her head, "yes" or "no" without assistance from the interpreter. The ALJ concluded, therefore, that Plaintiff's command of the English language was sufficient for her to perform the job of "Fish Grader" as it is described in the DOT.

Finally, the ALJ found that, even if Plaintiff were unable to perform her past relevant work, she was still not disabled by application of Medical-Vocational Rule 202.10.

### Standard of Review

In reviewing the Commissioner's (here the ALJ's) decision, the court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir. 1994). Rather, the court must accept findings of fact that are supported by "substantial evidence," 42 U.S.C. § 405(g), where substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Herron,* 19 F.3d at 333 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ must consider all

relevant evidence and may not select and discuss only that evidence that favors his ultimate conclusion. *Id.* Where conflicting evidence allows reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner (or ALJ), not the courts. *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Stuckey v. Sullivan*, 881 F.2d 506, 509 (7th Cir. 1989) (the ALJ has the authority to assess medical evidence and give greater weight to that which he finds more credible). The court is limited to determining whether the Commissioner's final decision is supported by substantial evidence and based upon proper legal criteria. *Erhart v. Secretary of Health and Human Services*, 969 F.2d 534, 538 (7th Cir. 1992).

This does not mean that the Commissioner (or ALJ) is entitled to unlimited judicial deference, however. In addition to relying on substantial evidence, the ALJ must articulate his analysis at some minimal level, and state his reasons for accepting or rejecting "entire lines of evidence," although he need not evaluate in writing every piece of evidence in the record. *See Herron*, 19 F.3d at 333; *see also Young v. Sec. of Health and Human Servs.*, 957 F.2d 386, 393 (7th Cir. 1992) (ALJ must articulate his reason for rejecting evidence "within reasonable limits" if there is to be meaningful appellate review); *Guercio v. Shalala*, No. 93 C 323, 1994 WL 66102, at *9 (N.D. Ill. Mar. 3, 1994) (ALJ need not spell out every step in his reasoning, provided he has given sufficient

direction that the full course of his decision may be discerned), (citing *Brown v. Bowen*, 847 F.2d 342, 346 (7th Cir. 1988)).

The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (West 2001). The ALJ must consider: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other work existing in significant numbers in the national economy. *Id.* A finding of disability requires an affirmative answer at either step 3 or step 5. A negative answer at any step (other than step 3) precludes a finding of disability. *Young*, 957 F.2d at 389. The claimant bears the burden of proof at steps 1-4, after which the burden shifts to the Commissioner at step 5. *Id.*

## Discussion

In reviewing Plaintiff's claim, the ALJ found in favor of Plaintiff at Steps 1 and 2 of the sequential evaluation, finding that she was not engaging in substantial gainful employment and that her impairments significantly limited her ability to perform basic work activities and were, therefore, "severe." At Step 3, he found that Plaintiff's impairments did not meet or equal, in level

of severity, any of the listed impairments. Proceeding to Step 4, the ALJ found that Plaintiff still retained the residual functional capacity to perform her past relevant work, either as she performed it or as described in the DOT. Therefore, the ALJ found that Plaintiff was not disabled.

The Court notes—as did the ALJ—the infrequency of Plaintiff's visits to her doctors and the lack of significant objective findings. It appears that Plaintiff had an x-ray of her right heel on April 5, 1999 and underwent surgery to remove the spur on April 6, 1999. The heel apparently was not examined again until December 4, 1999. In the meantime, however, Dr. Betman referred Plaintiff to Dr. Sirajullah because of her complaints of back pain and numbness in her legs. She was seen by Dr. Sirajullah twice in October 1999 and once in November 1999. Although she complained of pain and numbness, the objective findings revealed only mild neuropathy in her legs and no problems in her back. While Dr. Sirajullah felt that Plaintiff could return to work, Dr. Betman felt that she should not engage in prolonged standing or walking. Faced with these conflicts in the medical record, the ALJ could and did credit the report of Dr. Sirajullah over that of Dr. Betman. The ALJ's finding in this regard is supported by substantial evidence in the record as a whole.

Having credited the statement of one of Plaintiff's treating physicians over that of another—thereby finding that Plaintiff

could perform the standing/walking requirements of light work—the ALJ then found that Plaintiff's past relevant work was consistent with light work. This finding is problematic for two reasons: one, Plaintiff testified that her job, as she performed it, required the lifting of 50 pounds or more, which would exceed the exertional requirement of light work; second, the Court has been unable to locate the "documentation" in the record to which the ALJ referred to support his finding regarding the "Fish Grader" job. Moreover, assuming that the ALJ's finding that the "Fish Grader" position corresponds to the job that Plaintiff performed and that it is normally performed at the light exertional level is correct, the ALJ's finding that Plaintiff is able to adequately communicate in English so as to perform that job, is not supported by the current record.

Having found that Plaintiff has the residual functional capacity for the performance of a full range of light work, the ALJ applied Medical-Vocational Rule 202.10, in the alternative, to find her not disabled. This alternative finding was made at Step 5 of the sequential evaluation, where the burden shifted to the Commissioner to show that there are other jobs that Plaintiff can perform despite her impairments. Medical-Vocational Rule 202.10 requires that someone of Plaintiff's age and educational level must be at least literate and able to communicate in English to be found not disabled. Otherwise, she would be found disabled by

application of Medical-Vocational Rule 202.09. It is critical, therefore, that Plaintiff's literacy and ability to communicate in English be established. The ALJ noted that Plaintiff--who was then 51 years old--completed the fourth grade in Mexico. He noted further that Plaintiff--who apparently passed the citizenship test in order to become a United States citizen, and who had been in the United States for 26 years--in his opinion, could speak English. In drawing this conclusion, the ALJ relied on his observation that Plaintiff would shake her head, indicating "yes" or "no" in answer to some of his questions, apparently before the interpreter could translate the questions from English to Spanish. However, there simply is nothing in the record to show that Plaintiff answered any questions prior to having them translated. While the ALJ might have observed this, it was not noted on the record and Plaintiff was not questioned regarding the extent to which she understood the questions. Plaintiff testified that she does not "speak any English at all." (R. at 22.) As the record now stands, Plaintiff is unable to communicate in English. Therefore, application of Medical-Vocational Rule 202.10 was not warranted.

### Conclusion

The ALJ's finding that Plaintiff is able to perform the full range of light, unskilled work is supported by substantial evidence in the record as a whole. The ALJ did not adequately explain, however, his conclusion that Plaintiff's past relevant work was

performed at the light exertional level, considering her testimony that she had to lift upwards of 50 pounds. The evidence relied upon by the ALJ in finding that Plaintiff's past relevant work corresponds to the job of "Fish Grader," and that such job is normally performed at the light exertional level, is not part of the record. Therefore, that finding is not supported by substantial evidence. Furthermore, assuming that Plaintiff's past relevant work corresponds to the job of "Fish Grader," as it is described in the DOT, it appears that literacy and the ability to communicate in English are necessary in order to perform that job. The ALJ's finding regarding Plaintiff's literacy and her ability to communicate in English is not supported by substantial evidence. This is not to say that the ALJ's finding in this regard was erroneous, only that the evidence in the record, as it now stands, does not support that finding. The Court notes that some notices were sent to Plaintiff in Spanish. (R. at 5, 41-43, 48-49, 92-93.) However, it was noted by an interviewer that Plaintiff did not demonstrate any difficulty in speaking, understanding and answering questions and that she did not need any assistance because of the use of a foreign language. (R. at 98-99.)

Finally, the ALJ's alternative finding--that Medical-Vocational Rule 202.10 may be used to find Plaintiff not disabled--is not supported by substantial evidence. Because literacy and the ability to communicate in English are critical to both the

determination as to whether Plaintiff can perform the "Fish Grader" job and the applicability of Medical-Vocational Rule 202.10, this case is remanded to the Commissioner for such determinations.

Upon remand, the ALJ should fully develop the record regarding Plaintiff's literacy and her ability to communicate in English. Having permissibly determined that Plaintiff is able to perform a full range of light work, the ALJ should procure the testimony of a vocational expert regarding the "Fish Grader" job and/or other jobs that Plaintiff can perform after determining her literacy and ability to communicate in English. The ALJ may take any other further actions not inconsistent with this decision.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's Motion for Summary Judgment be, and the same hereby is, denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment be, and the same hereby is, granted in part. This cause is remanded to the Commissioner for further proceedings consistent with this Opinion and Order.

Dated: January 30, 2002     ENTER:

ARLANDER KEYS
United States Magistrate Judge